IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

---

**TRISURA SPECIALTY INSURANCE COMPANY,**

Plaintiff,

v.  Civil Action No.: 25-238

**GEORGE ALLEN MEIGHEN,
MITCHELL CRISLIP,
HARRIS VACATION
RENTALS, LLC,** and
**HARRIS PROPERTIES
MANAGEMENT, INC.,**

Defendants.

---

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, TRISURA SPECIALTY INSURANCE COMPANY (hereinafter "Trisura" or "Plaintiff"), by and through its undersigned counsel, and files this Complaint for Declaratory Judgment against Defendants GEORGE ALLEN MEIGHEN, MITCHELL CRISLIP, HARRIS VACATION RENTALS, LLC, and HARRIS PROPERTIES MANAGEMENT, INC., and shows this Honorable Court as follows:

### INTRODUCTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to determine the rights and obligations of the parties under a homeowner's insurance policy issued by Trisura to Defendant George Allen Meighen.

2. Trisura seeks a declaration that it has no duty to defend or indemnify Defendant Meighen in connection with a lawsuit filed by Defendant Mitchell Crislip in the Circuit Court of Baldwin County, Alabama, Civil Action No.

CV-2022-901358, arising from bodily injuries allegedly sustained by Crislip on or about July 26, 2021, while leaning against a railing at a rental property owned by Meighen.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff Trisura is a corporation organized and existing under the laws of Oklahoma with its principal place of business in the State of Oklahoma. Trisura is a surplus lines insurer authorized to transact business in the State of Alabama.

4. Defendant George Allen Meighen is an individual who, upon information and belief, is a citizen and resident of the State of Alabama, residing at 3246 Overbrook Road, Mountain Brook, Alabama 35213.

5. Defendant Mitchell Crislip is an individual who, upon information and belief, is a citizen and resident of the State of West Virginia.

6. Defendant Harris Properties Management, Inc. is a domestic corporation registered to do business and doing business in the State of Alabama for profit.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant Meighen resides in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

9. On or about November 12, 2019, Defendant Meighen applied for a homeowner's insurance policy with Trisura for a property located at 3140 Ponce de Leon Ct, Gulf Shores, Alabama 36542, Alabama (hereinafter the "Property").

10. On the application, Defendant Meighen represented that the Property was his primary residence and did not indicate that any business would be conducted on the premises. (The application is attached as Exhibit 1).

11. In reliance on these representations, Trisura issued Homeowners Policy No. T3AL_01259355-01 to Defendant Meighen for the period of November 21, 2019, to November 21, 2020 (hereinafter the "Policy", attached as Exhibit 2).

12. The Policy was subsequently renewed and was in effect at the time of the alleged incident on July 26, 2021.

13. The Policy is a standard HO-3 homeowner's policy that provides coverage for dwelling, other structures, personal property, loss of use, personal liability, and medical payments to others, subject to certain terms, conditions, limitations, and exclusions.

14. The Policy states that "Residence Premises" means:

    a. The one family dwelling, other structures and grounds; or

    b. That part of any other building;

    where you reside and which is shown as the "residence premises" on the Declarations.

    "Residence premises" also means a two-family dwelling where you reside in at least one of the family units and which is shown as the "residence premises" on the Declarations.

15. The Policy contains exclusions for liability coverage under "Coverage E – Personal Liability And Coverage F – Medical Payments To Others," including but not limited to:

    "2. 'Business'

    a. 'Bodily injury' or 'property damage' arising out of or in connection with a 'business' conducted from an 'insured location' or engaged in by an 'insured', whether or not the 'business' is owned or operated by an 'insured' or employs an 'insured'.

    This Exclusion E.2. applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed, or implied to be provided because of the nature of the 'business'.

    b. This Exclusion E.2. does not apply to:

    (1) The rental or holding for rental of an 'insured location';

>(a) On an occasional basis if used only as a residence;
>
>(b) In part for use only as a residence, unless a single-family unit is intended for use by the occupying family to lodge more than two roomers or boarders; or
>
>(c) In part, as an office, school, studio or private garage;"

16. Sometime after the policy was issued, without notice to Trisura, Defendant Meighen ceased using the Property as his primary residence and began renting it out through Defendant Harris Properties Management, Inc. as a vacation rental property. (A copy of the rental management contract is attached as Exhibit 3).

17. Upon information and belief, the Property was marketed as the "Salty Charms" beach house and was rented regularly to vacationers for business purposes. (See George Meighan Deposition, pg. 9:17-23, attached as Exhibit 4)

18. On or about July 26, 2021, Defendant Crislip and his family were renting the Property from Defendant Harris Properties Management, Inc.

19. According to the Complaint filed in the underlying action, while at the Property, Defendant Crislip leaned against the railing on the raised, exterior deck, at which time the railing allegedly collapsed, causing him to fall to the stairs and ground below, resulting in alleged severe and permanent injuries.

20. On or about January 26, 2023, Defendant Crislip filed a lawsuit in the Circuit Court of Baldwin County, Alabama, Civil Action No. CV-2022-901358, against Defendants Meighen, Harris Vacation Rentals, LLC, and Harris Properties Management, Inc., alleging negligence and wantonness. (A copy of the lawsuit is attached as Exhibit 5).

21. Trisura is currently providing a defense to Defendant Meighen in the underlying action under a complete reservation of rights. (A copy of the reservations of rights letter is attached as Exhibit 6).

## COUNT I: DECLARATORY JUDGMENT

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 above as if fully set forth herein.

23. An actual controversy exists between Trisura and Defendants regarding whether the Policy provides coverage for the claims asserted in the underlying action.

24. Trisura contends that it has no duty to defend or indemnify Defendant Meighen in the underlying action for the following reasons:

> a. The alleged incident did not occur at a "residence premises" as defined by the Policy because Defendant Meighen was not residing at the Property at the time of the incident, having converted it to a vacation rental property after obtaining the homeowner's insurance policy;
>
> b. The Policy defines "residence premises" as "the one-family dwelling where you reside," "the two-, three- or four-family dwelling where you reside in at least one of the family units," or "that part of any other building where you reside; and which is shown as the 'residence premises' in the Declarations";
>
> c. The Property does not qualify as an "insured location" under the Policy because it is not a "residence premises" where Defendant Meighen resided;
>
> d. The Policy excludes coverage for "bodily injury" arising out of or in connection with a "business" conducted from an insured location;
>
> e. The rental of the Property was not "on an occasional basis" but was operated as a regular vacation rental business through professional property management companies;
>
> f. Defendant Meighen made material misrepresentations on his insurance application by representing the Property as his primary residence when it was used as a rental property, or in the alternative, Defendant Meighen failed to notify Trisura of the material change in use of the Property from a primary residence to a vacation rental property, which constitutes a breach of the Policy conditions;
>
> h. Under the "Concealment Or Fraud" provisions of the Policy, Trisura is entitled to deny coverage to an insured who has intentionally concealed or misrepresented any material fact or circumstance, engaged in fraudulent conduct, or made false statements relating to the insurance;

    i. Even if Defendant Meighen innocently made incorrect statements that were material to the risk, such misrepresentations still allow Trisura to void the policy under Alabama law, as stated in *Taylor v. Golden Rule Insurance Co.*, 544 So. 2d 932, 936 (Ala. 1989);

    j. Coverage is further barred by other terms, conditions, limitations, and exclusions contained in the Policy.

25. Based on the foregoing, Trisura is entitled to a declaration that it has no duty to defend or indemnify Defendant Meighen for the claims asserted in the underlying action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Trisura Specialty Insurance Company respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Trisura has no duty to defend or indemnify Defendant George Allen Meighen in the underlying action filed by Defendant Mitchell Crislip;

B. Issue a declaratory judgment that Trisura may withdraw from the defense of Defendant George Allen Meighen in the underlying action;

C. Declare that the policy is void *ab initio* and Trisura may rescind the policy.

D. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 9th day of June, 2025.

*s/ Kile T. Turner*
Kile T. Turner

**OF COUNSEL:**
Norman, Wood, Kendrick & Turner
Ridge Park Place
1130 22nd Street South, Suite 3000
Birmingham, Alabama 35205
Tel:   (205) 328-6643
Fax:   (205) 251-5479
Direct Line: (205) 259-1033
Email:  kturner@nwkt.com

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed via the CM/ECF system and a copy will be served electronically on all counsel of record on this 9th day of June, 2025.

                                      *s/ Kile T. Turner*
                                      Of Counsel